THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* LOUIS M. KARDOS, Appellant.

*Crimes — stockbroker trading for his own account against order of customer — sufficiency of evidence to warrant conviction.*

*People* v. *Kardos,* 215 App. Div. 710, affirmed.

(Argued June 2, 1926; decided July 9, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 27, 1925, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York rendered upon a verdict convicting the defendant of the crime of feloniously trading as a broker against the order of a customer.

*Philip C. Samuels* and *Max Lazarus* for appellant.

*Joab H. Banton, District Attorney (Felix C. Benvenga* and *William B. Moore* of counsel), for respondent.

PER CURIAM. The elements of proof that are lacking in *People* v. *Ruskay* (243 N. Y. 58) are present in this case. The defendant having purchased stock for his customer, on the same day sold for his own account, the same kind of stock with intent to trade against the customer's order. The evidence is conclusive that fifty shares were purchased for the customer and fifty shares sold for the house account. The question of intent and purpose appeared from other similar transactions under such circumstances as to make a fair question for the jury, of the defendant's intent and purpose, in selling these fifty shares so soon after the purchase for his customer. While the defendant may not have had personal

knowledge of the transaction, his employees testified that he had given instructions to keep the purchases and sales even, which meant to buy and sell against customers' orders without authority and in the name of the house. The law is one thing; the evidence to prove its violation is another. The law is the same for the *Ruskay* case as for this. The evidence to prove the violation that was lacking in the *Ruskay* case is amply furnished here.

The judgment should be affirmed.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment affirmed.